**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16CV217[1]**

| | |
|---|---|
| EDDIE LANE GADDIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion for judgment on the pleadings (# 10) and the Commissioner's motion for summary judgment (# 12). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted and the Commissioner's motion for summary judgment is denied.

**I.     Procedural History**

On June 6, 2011, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 142.) Plaintiff alleged a disability onset date of January 1, 2011. (T. 142.) The Social Security Administration denied Plaintiff's claim initially on November 4, 2011, and his claim was denied upon reconsideration on July 11, 2012. (T. 142.) On August 16, 2012, Plaintiff filed a written request for a hearing. (T. 142.)

A hearing was initially scheduled for December 5, 2013, but it was postponed at Plaintiff's

---
[1] The Administrative Record erroneously states that the case number is 5:17-CV-00217.

request to obtain representation. (T. 142.) The hearing was rescheduled for June 19, 2014, and it was held in Charlotte, North Carolina. (T. 142.) Plaintiff appeared and testified at the hearing.[2] (T. 142.) At the hearing, Plaintiff requested to amend his alleged onset date of disability to January 14, 2014. (T. 142.) On August 22, 2014, the ALJ issued a decision finding that Plaintiff was not disabled from January 14, 2014, his amended alleged onset date, through August 22, 2014. (T. 142-151.)

On October 15, 2014, the Appeals Council remanded the case back to an ALJ. (T. 159-163.) On June 9, 2015, Plaintiff appeared and testified at a hearing in Charlotte, North Carolina. (T. 26.) On July 27, 2015, the ALJ issued a decision finding that Plaintiff was not disabled from January 1, 2011, through the date of his decision, July 27, 2015. (T. 23-25, 26-37.)

Plaintiff requested review of the ALJ's July 27, 2015, decision. (T. 1.) The Appeals Council denied his request for review. (T. 1-4.) On December 7, 2016, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

## II.  Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial

---

[2] Kathryn H. Mooney, a vocational expert, also appeared at the hearing. (T. 142.)

2

gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience.

Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In his June 27, 2015, decision, the ALJ ultimately found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (T. 37.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2015.

(2) The claimant has not engaged in substantial gainful activity January 1, 2011, the alleged onset date (20 C.F.R. § 404.1571, et seq.).

(3) The claimant has the following severe impairments: borderline intellectual functioning, chronic obstructive pulmonary disease, inguinal hernia, depression, and diabetes mellitus (20 C.F.R. § 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

(5) The claimant has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except he is limited to work that involves no climbing of ropes, ladders, or scaffolds; no concentrated exposure to dust and environmental pollution conditions; permits the option to alternate between sitting and standing with the ability to change positions twice per hour; simple, routine, and repetitive tasks; permits use of a cane for ambulation, but cane is not required during the course of work; unskilled work, nonproduction setting, with no more than occasional interaction with the public, supervisors, and workers.

(6) The claimant is unable to perform any past relevant work (20 C.F.R.

§ 404.1565).³

(7) The claimant was born on June 21, 1964, and he was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. § 404.1563). The claimant subsequently changed age category to closely approaching advanced age (20 C.F.R. § 404.1563).

(8) The claimant has at least a high school education, and he is able to communicate in English (20 C.F.R. § 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform (20 C.F.R. §§ 404.1569, 404.1569(a)).⁴

(11) The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2011, through the date of the ALJ's decision, July 27, 2015 (20 C.F.R. § 404.1520(g)).

(T. 26-37.)

IV. **Standard of Review**

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence

---

³ The ALJ's decision does not state what Plaintiff's past relevant work is. (T. 35.)
⁴ The VE testified that Plaintiff would be able to perform the requirements of representative occupations such as the following: labor coder, which has 420,500 jobs nationally at the light, unskilled level; router, which has 2,890,000 jobs nationally at the light, unskilled level; and order caller, which has 2,890,000 jobs nationally at the light, unskilled level. (T. 36.)

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

**V.     Discussion**

**The ALJ erred by summarily finding that Plaintiff has "at least a high school education."**

In Plaintiff's sole issue,[5] he argues that the ALJ erred by finding that he has "at least a high school education." Pl.'s Mem. Supp. (# 11) at 3-8. In particular, Plaintiff contends that he was able to graduate high school only with one-on-one assistance and special education classes. Id. at 4. Plaintiff concludes that, in light of all the evidence, the Court should reverse the ALJ's decision and award benefits. Id. at 9.

A view of the record reveals that the ALJ found that Plaintiff "has at least a high school education." (T. 35.) The Regulations define "high school education and above" as follows: "High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider someone with these educational abilities can do semi-skilled through skilled work." 20 C.F.R. § 404.1564(b)(4).

---

[5] Plaintiff's sole issue actually includes two assignments of error. The Court will address the most compelling argument, which in this case, warrants remand.

6

There is <u>no</u> relevant discussion immediately prior to or after the ALJ's finding that Plaintiff has "at least a high school education." See (T. 35-36.) This is significant in this case because the record is inconsistent with this finding. For example, the ALJ specifically found that Plaintiff's borderline intellectual functioning was a "severe" impairment. (T. 29.) Plaintiff had a history of special education classes. (T. 30, 572, 575.) Plaintiff described himself as a "slow learner." (T. 31.) At Plaintiff's hearing before the ALJ, he described a history of learning difficulties. (T. 32.) Plaintiff has difficulty reading. (T. 32.) The ALJ specifically found that the evidence before him revealed that Plaintiff suffered intellectual and cognitive limitations. (T. 33.)

Consultative psychological examiner John H. Bevis, M.A., L.P.A. examined Plaintiff on August 15, 2011, and noted that Plaintiff had "bizarre preoccupations" with conspiracy theories related to the government. (T. 30, 571-72, 575.) Bevis also noted that Plaintiff had a "below average general fund of knowledge." (T. 572.) Plaintiff reported that he has not had a valid driver's license in at least 20 years. (T. 572.) Bevis, who the ALJ gave "significant weight," opined that Plaintiff would likely experience difficulty relating to fellow workers and supervisors on a daily basis. (T. 30, 575.) Bevis further opined that Plaintiff would require assistance at times in managing his personal, financial, and business affairs. (T. 34, 575.) Bevis used the Woodcock-Johnson III Tests of Achievement to assess Plaintiff's academic abilities. (T 574.) Bevis opined that Plaintiff's oral language skills were "low average"; his academic skills were "very low"; his fluency with academic tasks and his ability to apply academic skills were both within the "low range"; his performance was "low average" in mathematics; and his performance was "low" in broad reading, math calculation skills, written language, and written expression. (T. 574.) <u>Bevis further opined that Plaintiff's academic abilities, generally, were between the second and fifth grade levels</u>. (T. 31, 33, 575.)

7

In sum, the ALJ erred by finding, without explanation, that Plaintiff "has at least a high school education." On remand, the ALJ needs to address the discrepancy between this finding and the evidence of record, especially evidence from Mr. Bevis, which demonstrates Plaintiff's limited academic abilities.[6] See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.")

**VI.    Conclusion**

In light of the foregoing, Plaintiff's motion for judgment on the pleadings (# 10) is GRANTED, and the case will be remanded for further proceedings. The Commissioner's motion for summary judgment (# 12) is DENIED.

Signed: March 10, 2018

Dennis L. Howell
United States Magistrate Judge

---

[6] Plaintiff moves for the Court to reverse the Commissioner's decision and award benefits. Pl.'s Mem. Supp. (# 11) at 10. Reversal for an award of benefits is appropriate when "[o]n the state of the record, [Plaintiff's] entitlement to benefits is wholly established." Crider v. Harris, 624 F.2d 15, 17 (4th Cir. 1980). In this case, the Court cannot say that Plaintiff's "entitlement to benefits is wholly established." Id. Therefore, the Court will remand the case for further proceedings.